AO 91 (Rev. 11/11) Criminal Complaint (approved by AUSA E. Abrams)                                    18-050

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Pennsylvania

| | |
|---|---|
| United States of America )<br>v. )<br>RICARDO MELENDEZ )<br>ALEXIS OMAR ORTIZ CABRERA )<br>)<br>)<br>)<br>*Defendant(s)* | Case No. 18-732-m |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 7, 2018__ in the county of __Philadelphia__ in the __Eastern__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846, 841(b)(1)(B) | Attempted possession of a controlled substance with intent to distribute |

This criminal complaint is based on these facts:

On or about May 7, 2018, in Philadelphia, in the Eastern District of Pennsylvania, the defendant attempt to possess with intent to distributed 500 grams or more of cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 846.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

MATTHEW LYNCH, U.S. POSTAL INSPECTOR
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/7/18 at 9:38 pm

_____
*Judge's signature*   5/8/2018

City and state: Philadelphia, Pennsylvania

for HON. LYNNE A. SITARSKI
*Printed name and title*
with permission pursuant to Rule 4.1

## AFFIDAVIT

Matthew A. Lynch II, being duly sworn, deposes and says:

1. I am currently assigned to the United States Postal Inspection Service, Philadelphia Division. I have been employed as a Postal Inspector since November 2017. Prior to becoming a Postal Inspector, I was employed as a Police Officer with the Upper Darby Township Police Department for four years. I have a Bachelor of Arts in United States History from The University of Albany in Albany, NY. As part of my duties as a United States Postal Inspector, I investigate the use of the U.S. Mail to illegally transport controlled substances and drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846. I have been trained in various aspects of law enforcement, including the investigation of narcotics offenses. Through my education and experience and that of other agents assisting in this investigation, I have become familiar with the methods that individuals use to traffic narcotics through the U.S. Mail.

2. On or about May 4, 2018, the Philadelphia Division of the U.S. Postal Inspection Service intercepted a Priority Mail parcel bearing Priority Mail number 9505510690238122103826 (hereinafter referred to as the "Parcel"). The Parcel was mailed on May 2, 2018, from Puerto Rico, a known source territory for controlled substances. The Parcel has the following characteristics:

    Priority Mail No.: 9505510690238122103826
    Measuring approx.: 15" x 12" x 10"

    Return Address:    Jose Torres
                               Cond. Corral Beach
                               JL. Mercado Asosiate
                               P.O. Box 4844 Carolina
                               P.R. 00984

Delivery Address:	Luis Riverra
3417 N. Lee St.
Philadelphia P.A. 19134

3. Investigation of the Parcel, through the United States Postal Service as well as law enforcement database CLEAR, showed the name "Jose Torres" does not associate to the return address. Further, the name "Luis Riverra" does not associate to the delivery address. Additionally, the Subject Parcel was mailed from zip code 00911, not zip code 00984. From my training and experience, and the experience of other agents, I know that drug dealers who send controlled substances by the mail or other package delivery services, will often use a fictitious return address name and/or a fictitious delivery addressee name when they are shipping parcels containing controlled substances. They use this subterfuge in order to prevent the mailer of the package from being located.

4. On May 4, 2018, the Parcel was exposed to a drug detection canine named "Quattro." Quattro is handled by Officer Robert Bennett Badge # 22 with the Upper Darby Township Police Department. Officer Bennett has been with the Upper Darby Township Police Department since 2007 and he has been a K9 handler since 20014. The North American Police Working Dog Association (USPCA) along with the United States Police Canine Association certifies Officer Bennett and K9 Quattro on an annual basis, and Officer Bennett and K9 Quattro have ongoing maintenance training every month during the year. In November 2017, Officer Bennett and K9 Quattro successfully completed the certification and are certified in the detection of the following substances: marijuana, crack cocaine, cocaine, and heroin and was certified in the detection of these same substances by the USPCA in April 2018. Officer Bennett advised Postal Inspectors that Quattro alerted positive to the presence of illegal narcotics inside the Parcel.

5. On May 4, 2018, the Honorable Marilyn Heffley signed a warrant permitting a search of the Parcel. When it was opened at a United States Postal Service facility, it was found to contain a heavily wrapped and newly constructed piece of furniture. Concealed inside the walls of the furniture piece were two heavily wrapped, brick-shaped objects. The brick-shaped objects consisted of a white powdery substance which field tested positive for cocaine hydrochloride. The total weight of the white powdery substance was 4 pounds, 8 ounces (approximately two kilos).

6. On May 4, 2018, the Honorable Marilyn Heffley signed a subsequent warrant authorizing the installation and monitoring, in private areas, including but not limited to private residences and vehicles, a beeper transponder device and a Global Positioning System ("GPS") device, which were both placed in the Parcel.

7. On May 7, 2018, Postal Inspectors conducted a controlled delivery of the Parcel to 3417 North Lee Street, Philadelphia, PA 19134, the address on the Parcel. Prior to delivery, law enforcement removed the suspected cocaine from the parcel and replaced it with a sham substance similar in appearance to the original contents of the package, but containing only a portion of the cocaine recovered from the Parcel. Law enforcement also placed theft detection powder on the outside of each kilogram. This theft detection powder is invisible to the naked eye, but can be seen using an ultraviolet light. Law enforcement uses theft detection powder in order to determine what individual(s) have touched an object. Along with the sham substance, at the time of delivery, the Parcel also contained tracking devices, which were used to monitor the whereabouts of the parcel in question at all times, and a beeper to alert when the package was opened.

8. At approximately 12:03 PM the Parcel was delivered to 3417 N. Lee St., Philadelphia, PA 19134, by being left on the step between the security door and front door of the property. At approximately 1:10 PM the Parcel was picked up off the steps of 3417 North Lee St. and placed in the front passenger seat of a car.

9. The driver of the car proceeded to 3516 Kipp St. where he picked up a second male and transferred the subject parcel to the back seat at approximately 1:22 PM. At approximately 1:34 PM aerial surveillance assets observed the driver arriving at 1344 East Airdrie Street, Philadelphia, Pennsylvania. Utilizing a key, the driver entered the residence alone with the Parcel in hand. He exited 1344 East Airdrie Street several minutes later without the Parcel. He then left the area. The vehicle and the driver returned two times between 1:34 p.m. and 5:30 p.m. He entered the house at 1344 East Airdrie Street both times and left without the Parcel.

10. At approximately 5:30 p.m., two men entered 1344 East Airdrie Street, using a key and entering a locked, gated porch and the front door. Approximately two minutes later, the alarm on the Parcel was triggered indicating that the wire on the Parcel was broken, consistent with it having been opened inside the house.

11. Postal Inspectors knocked at 1344 East Airdrie Street, and announced their presence. The two men came to the locked, gated porch but refused to admit the law enforcement officers onto the porch or into the house. Officers then forcibly entered the premises, and secured it, pending issuance of a search warrant.

12. The two suspects were detained on the front porch. The two suspects were identified as Alexis Omar Ortiz Cabrera and Ricardo Melendez.

13. Law enforcement agents conducted a sweep of the entire residence for officer safety purposes. No other individuals were located in the residence. During the sweep of the house, the

subject parcel shipping box was observed, empty and open, on the floor of the first floor dining room. The contents of the subject parcel were observed in the kitchen. The piece of furniture that officers recognized as part of the subject parcel was broken open exposing the sham bricks.

14. At approximately 5:45 p.m., Melendez and Cabrera's hands tested positive for the presence of theft detection powder. This indicated that both suspects handled the sham bricks.

15. Based on the above facts, there is probable cause to believe that Alexis Omar Ortiz Cabrera and Ricardo Melendez knowingly and intentionally attempted to possess with intent to deliver 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21 United States Code, Section 846.

Matthew A. Lynch II
U.S. Postal Inspector

Sworn and subscribed before me
this 7th day of May, 2018:

HONORABLE LYNNE A. SITARSKI   5/8/2018
United States Magistrate Judge
with permission
pursuant to Rule 4.1