IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 18-304-02 |
| RICARDO MELENDEZ | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

I. **INTRODUCTION**

In May 2018, defendant Ricardo Melendez and his co-defendant were found in a Philadelphia rowhouse where they were preparing to process and package cocaine. The cocaine had been shipped via United States Mail, inside hidden compartments of two small pieces of furniture. One of the packages had been intercepted and the contraband confiscated and replaced. U.S. Postal Inspectors delivered the package, waited for it to be opened, and then arrested the two co-conspirators.

II. **SENTENCING CALCULATIONS**

A. Statutory Maximum Sentence

The charges of conspiracy, possession, and attempted possession, with intent to distribute more than 500 grams of cocaine, each carry a maximum penalty of 40 years in prison, a mandatory minimum term of 5 years in prison, a mandatory 4-year term of supervised release up to lifetime supervised release, a $5,000,000 fine and a $100 special assessment.

The total maximum penalty is life in prison, with a mandatory minimum 5 years of incarceration, a minimum term of 4 years of supervised release, up to lifetime supervised release, a $15,000,000 fine, and a $300 special assessment

B. <u>Sentencing Guidelines Calculation</u>

The Probation Office has calculated the defendant's advisory guideline range as follows:

| | | |
|---|---|---|
| Base Offense Level | 28 | (§ 2D1.1(a)(6)) |
| Adjustment for acceptance | -3 | (§ 3E1.1) |
| Total | 25 | |
| Criminal History Category | I | |
| Guideline Sentencing Range: | 57-71 months | |

## III. ANALYSIS

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that a sentence within the guidelines is appropriate.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013) (quoting *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion; ellipsis in original). "Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Peugh*, 133 S. Ct. at 2084. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.*

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public

from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

<u>Consideration of the 3553(a) Factors</u>

A sentence of incarceration within the guideline range is needed to account for the seriousness of the offense, provide deterrence and promote respect for the law.

The defendant was caught as he was about to package a large quantity of cocaine for distribution. Along with Alexis Omar Ortiz Cabrera, Melendez broke open hidden compartments in a package that had been shipped via mail. The package had contained two bricks of cocaine of roughly one kilo each. That cocaine had been replaced with decoy materials that had been rigged with a tripwire and also coated in ultraviolet detection powder.

The defendant has no prior record of any convictions. He is in a committed relationship with his fiancée, and has three children. Two of his children live with him and require support. One of the children is young and has serious impairments from a grave health condition. Despite his weighty family obligations, he nevertheless took up a role in a conspiracy to distribute cocaine involving sufficient quantity to trigger a mandatory minimum sentence. The defendant committed his crimes fully cognizant of his family's needs.

It is important that the defendant's sentence reflect the very serious nature of his drug trafficking offenses. He and his co-defendant had approximately four kilograms of cocaine in bricks, and they were entrusted to break it down for sale. The sentence imposed needs to protect

the public from further crimes of this defendant, and to deter him from further criminal endeavors, or participation in drug distribution. A sentence within the guidelines is also necessary to promote respect for the law.

The defendant has no known training or correctional treatment needs. He has reported a long history of substance abuse problems, and could benefit from substance abuse counseling programs while in prison.

The policies of the Sentencing Guidelines are factored into the guidelines sentence proposed to the Court, and is in line with the sentences of similar defendants.

The defendant's offense has no specific victims. There is also no need to consider restitution in this case.

In sum, the government submits that a sentence of incarceration for a term within the guideline range will meet the goals of sentencing in this matter.

Respectfully Submitted,

WILLIAM M. McSWAIN  
United States Attorney

/s/ Elizabeth Abrams  
ELIZABETH ABRAMS  
Assistant United States Attorney

Dated: September 3, 2019

## **CERTIFICATE OF SERVICE**

    I certify that on this day I caused a copy of the Government's Sentencing Memorandum to be served via email on the following:

> Robert M. Gamburg, Esquire
> Two Penn Center, Suite 1203
> 1500 John F. Kennedy Blvd
> Philadelphia, PA 19102
> robert@gamburglaw.com

                         /s/ Elizabeth Abrams
                         ELIZABETH ABRAMS
                         Assistant United States Attorney

Dated: September 3, 2019